E-FILED
Wednesday, 02 November, 2011  09:06:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| H. C. Duke & Son, LLC, )<br>      Plaintiff ) <br>)<br>v. )<br>)<br>Prism Marketing Corp., Superior Quality )<br>Equipment, Inc., Steven Levine, and )<br>Does 1-100, )<br>      Defendants ) | | Case No. 11-4006 |

**ORDER**

Now before the Court is the Plaintiff's Motion for Entry of Default Judgment as to Prism Marketing and Steven Levine [#41]. The motion is **DENIED**.

In response to Plaintiff's original complaint, Defendants filed a motion to dismiss or to transfer venue. That motion was denied on May 20, 2011, and the Defendants were directed to answer the complaint by June 9. That deadline was extended to June 20. On that date, the parties filed a joint motion for leave to file an amended complaint, which was granted. The amended complaint was filed on June 23, 2011, and Defendants filed a motion to dismiss some of the claims contained therein.

When that motion was fully briefed, Plaintiff filed a motion for leave to file a second amended complaint. This motion was opposed. The Court noted that the opposition was focused not on the filing of the complaint but on the substance of the complaint. Leave was given to file the Second Amended Complaint, with a directive to Defendants to file a proper Rule 12 motion if it had issues with the new complaint.

On September 27, 2011, Plaintiff filed the Second Amended Complaint. This complaint

consisted of 5 counts: Counts I and II against Prism, Superior and the Doe Defendants; Count III against Levine and the Doe Defendants; Count IV against Prism and the Doe Defendants; and Count V against Superior and the Doe Defendants.

The three named Defendants timely filed a motion to dismiss (Doc. #38) pursuant to Fed.R.Civ.P. 12(b)(6). In that motion, they sought dismissal of Superior from Counts I and II and dismissal of Count V in its entirety. Plaintiff now asserts that pursuant to Rule 55, default should be entered against Defendants Prism and Levine. Although it is not explicit in the motion, apparently Plaintiff believes that default is proper because Prism and Levine failed to respond to the allegations against them in Counts I, II, and III.

Entry of default is a prerequisite to entry of default judgment, so that will be considered first. Entry of default is appropriate when a party "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). As the Seventh Circuit has noted, motions challenging the sufficiency of pleadings are sufficient to "otherwise defend." See, Cannon v. Washington, - F.3d -, Case 08-2719, 2009 WL 780881, March 25, 2009 (7th Cir.), citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 2008) and citing cases from other Circuits.

This interpretation is supported by section (a)(4) of Rule 12, which provides that filing a motion under Rule 12 has the effect of delaying the time within which a party must file an *answer* to the complaint. It may well be the better practice to combine a Rule 12 motion that attacks some, but not all, of the claims with an answer to the unchallenged counts. Plaintiff has provided no authority, however, for the proposition that a failure to do so constitutes a failure to defend, and this Court knows of no such authority.

Defendants in this case have not refused to participate. Indeed, they have filed numerous motions and replies raising substantial issues of law as to some of the claims against them. They

have participated in hearings. Under those circumstances and in the exercise of my discretion, I decline to find that the Defendants have failed to "otherwise defend" in this litigation. In the absence of entry of default, entry of default judgment would also be improper. The motion [#41] is therefore DENIED in its entirety.

ENTERED ON November 2, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE