E-FILED
Thursday, 25 July, 2013  11:03:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| H.C. Duke & Son, LLC,<br>Plaintiff | )<br>)<br>) |
| v. | )  Case No. 11-4006<br>) |
| Prism Marketing Corp., Superior Quality Equipment, Inc., and Steve Levine,<br>Defendants | )<br>)<br>)<br>) |

## ORDER

Now before the Court are several motions to strike (#65 and #100). Both motions relate to the jurisdiction of this Court, a matter raised by the Court several months ago. Because I conclude that jurisdiction has now been properly asserted, those motions are denied.

The complaint in this matter, filed on February 2, 2011, asserted the diversity jurisdiction of this Court. In support of that assertion, Plaintiff stated (as is pertinent here) that Plaintiff H.C. Duke & Son, LLC (hereinafter "Duke") was "a citizen of the State of Delaware, with its principal place of business in the State of Illinois" and that Defendant Steve Levine was a "resident" of the State of Washington. (Complaint, Doc. #1, ¶1).

Diversity jurisdiction requires that the citizenship of all plaintiffs be diverse from the citizenship of all defendants. 28 USC §1332. Citizenship of an individual, such as Defendant Levine, is based on domicile, not on residence. See, *America's Best Inns, Inc. v Best Inns of Abilene, L.P.*, 980 F2d 1072, 1074 (7th Cir 1992) (*per curiam*). See the discussion in *24 Hour Fitness USA, Inc. v Bally Total Fitness Holding Corp*, 2008 WL 4671748 (ND Ill), explaining the difference between residence and domicile.

The citizenship of a limited liability company like Duke is that of its members. See *Cosgrove v Bartolotta*, 150 F3d 729 (7th Cir 1998), which may include partnerships, corporations, and other entities that have multiple citizenships. *See Carden v Arkoma Associates*, 494 US 185, 110 S Ct 1015, 108 L Ed 157 (1990). A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenship. *Hicklin Eng'g, L.C. v Bartell*, 439 F3d 346, 348 (7th Cir 2006).

At a hearing on May 30, 2013, the Court raised the issue of jurisdiction, an issue that had been missed during the early proceedings in the case. Plaintiff was directed to submit a jurisdictional supplement. Plaintiff then filed two documents. The first (#98) dealt with the citizenship of Duke. It stated that Duke "is" a Delaware Limited Liability company owned by Ali Group NA, which is incorporated in Delaware with its principal place of business in North Carolina. The second (#99) dealt solely with Levine's citizenship, stating that Levine was and had been a citizen and resident domiciled in the State of Washington since before the lawsuit was filed.

Defendant moved to strike (#100) the supplement relating to Duke, pointing out that it did not state that Ali Group was the "sole" member of Duke and that the test requires citizenship as of the date the lawsuit was filed, not some subsequent date.

Plaintiff then amended the supplement (#101). This amendment stated that Ali Group N.A. Corporation was the sole owner of Duke and that Ali Group was incorporated in Delaware and had its principal place of business in North Carolina as of the date the complaint was filed.

Defendant then filed a supplement (#102) to its motion to strike. In that supplement, Defendant stated that there does not appear to be a corporation named "Ali Group N.A. Corporation" that is incorporated in Delaware; that assertion is supported by a printout from the Delaware web site, which lists The Ali Group Inc. and Ali Group North America Corporation as being incorporated in Delaware. Defendant points out that "N.A." usually means "National Association" not "North America". Defendant also filed a printout of the North Carolina web site, showing that there is no "Ali Group N.A. Corporation" licensed to do business in that state. The only company that might be related is Ali Group Inc., which is incorporated in NC, not DE. None of these companies, according to Defendant, corresponds to the "sole owner" identified by Duke.

In its response, Plaintiff asserts that in the name "Ali Group N.A. Corporation", the "N.A." is an abbreviation for "North America" and that Ali Group N.A. Corporation is simply an AKA for Ali Group North America Corporation.

I find that Plaintiff's explanation is credible and that "Ali Group N.A. Corporation" and "Ali Group North America Corporation" are the same entity. This entity is and was on February 2, 2011, the sole owner of Duke. This entity was incorporated in Delaware and had its principal place of business in North Carolina as of February 2, 2011. Whether that entity is "registered" in North Caroline is irrelevant to the issue of diversity jurisdiction.

Accordingly, the citizenship of the parties has now been properly established, as Duke (a citizen of DE and NC) is not a citizen of the same state as Prism (NE), Superior (CA) or Levine (WA), and the amount in controversy exceeds $75,000. The original motion to strike (#65) and the supplemental motion to strike (#100) are therefore

DENIED. So that the record is clear, Plaintiff is directed to file an amended complaint that sets out the proper jurisdictional allegations, as directed at today's hearing.

ENTERED: July 25, 2013

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE