IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| H.C. DUKE & SON, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-cv-04006-SLD-JAG |
| | ) |
| PRISM MARKETING CORPORATION, SUPERIOR QUALITY EQUIPMENT, INC., STEVEN LEVINE, and DOES 1 to 100, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| PRISM MARKETING CORPORATION, a Nevada corporation, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| H.C. DUKE & SON, LLC, a Delaware limited liability company, | ) |
| | ) |
| Counter-Defendant. | ) |

**<u>ORDER</u>**

This case involves a suit by Plaintiff/Counter-Defendant H.C. Duke & Son, LLC ("Duke") against Defendant/Counter-Plaintiff Prism Marketing Corporation ("Prism"), and Defendants Superior Quality Equipment and Steven Levine, arising from a distributorship agreement. For the following reasons, Defendant Prism's Motion for Entry of Default Against H.C. Duke & Son, LLC on Second Amended Counterclaim, ECF No. 132, is DENIED.

1

**BACKGROUND**

On September 30, 2013, the Court dismissed portions of Prism's First Amended Counterclaim against Duke, ECF No. 64, but granted Prism leave to amend the counterclaim. ECF No. 121. Prism accordingly filed its Second Amended Counterclaim, ECF No. 124, on October 15, 2013. On November 5, 2013, noting that Duke had not responded to the Second Amended Counterclaim, Prism moved for Entry of Default against Duke. ECF No. 132. Later that day, Duke moved to dismiss Counts I, II, III, IV, V, VIII, and IX of Prism's Second Amended Counterclaim. ECF No. 134. Duke also filed a Response to Prism's Motion for Entry of Default, ECF No. 133, claiming that Duke had met what it understood to be its 21-day deadline to respond to the amended counterclaim under Federal Rule of Civil Procedure 12(a)(1)(B). In the alternative, Duke asked that it be allowed to file its Motion to Dismiss out of time. ECF No. 133 at 4.

**DISCUSSION**

**I. Legal Standard**

Federal Rule of Civil Procedure 15(a)(3) provides: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." By contrast, Rule 12(a)(1)(B) requires a party to "serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Rule 12, however, does not apply where the response is to an *amended* pleading and Rule 15(a)(3)'s 14-day deadline is applicable. *See, e.g., Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007) (holding that Rule 15, not Rule 12, dictates the deadline for responding to an amended pleading unless there is time remaining to respond to the original pleading); *United States*

*v. Cain's Barber College & Styling School, Inc.*, No. 07-2695, 2011 WL 812088, at * 2 (N.D. Ill. Mar. 1, 2011) (noting that Rule 15's text and "typical practice" under Rules 12 and 15 indicate that, where time to respond to original pleading has elapsed, Rule 15(a)(3) governs the deadline to respond to an amended complaint). Rule 6(d) adds three days to filing periods where service is made through, among other methods, the mail. *See* Fed. R. Civ. P. 5(b)(2)(E) & 6(d). Finally, Local Rule 5.3(D) provides that this three day rule also applies to service by electronic means.

As for default, Rule 55 provides for entry of default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend …." Fed. R. Civ. P. 55(a). Entry of default is justified "if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citation omitted). Such willfulness manifests itself as a "continuing disregard for the litigation or for the procedures of the court." *Id.* (citation omitted). For example, in *Moore v. J.T. Roofing, Inc.*, 94 F. App'x 377, 378-79 (7th Cir. 2004), a party's failure to timely answer a pleading did not warrant entry of default where the party otherwise fully participated in proceedings and abided by court orders, and did file an answer, albeit two weeks late.

**II. Analysis**

Prism timely filed its Second Amended Counterclaim on October 15, 2013. Adding Local Rule 5.3(D)'s three-day extension to Federal Rule 15(a)(3)'s 14-day window, Duke's deadline to answer or otherwise respond to the Second Amended Counterclaim was November 1, 2013. By filing its Motion to Dismiss Counts I, II, III, IV, V, VIII and IX of the Second Amended Counterclaim, ECF No. 134, on November 5, 2013, Duke missed the deadline by four days.

Duke has fully participated in proceedings in this case and otherwise generally abided by court deadlines.  Further, Duke's response to Prism's amended pleading was served a mere four days late, neither prejudicing Defendants nor exhibiting a "willful refusal to litigate the case properly," *see Davis*, 321 F.3d at 646, as Duke claims to have acted in mistaken conformity with Rule 12's 21-day deadline for answering a counterclaim.  For these reasons, the Court denies Prism's Motion for Entry of Default, ECF No. 132.  Duke's Motion to Dismiss, ECF No. 134, is considered timely filed.

## CONCLUSION

Prism's Motion for Entry of Default Against H.C. Duke & Son, LLC on Second Amended Counterclaim, ECF No. 132, is DENIED.  Duke's Motion to Dismiss Counts I, II, III, IV, V, VIII and IX of the Second Amended Counterclaim, ECF No. 134, is considered timely filed.

Entered this 15th day of November, 2013.

                                                   s/ Sara Darrow
                                                 SARA DARROW
                                 UNITED STATES DISTRICT JUDGE